AREY et al. v. DE LORIEA et al.

(Circuit Court of Appeals, First Circuit. February 28, 1893.)

No. 18.

PATENTS FOR INVENTIONS—ACTION FOR INFRINGEMENT—INSTRUCTIONS.

In an action for the infringement of a patent, to which the defense was want of novelty, the court in its charge read to the jury an extract from the opinion of the court in a case between other parties involving the same patent, in which it was held, upon the law and the facts, that patents put in evidence to show the prior state of the art did not embody the combination claimed by the patent then in litigation; and the same patents were in evidence for the same purpose in the present suit. *Held,* that this was reversible error, even though the court told the jury that they were not to be controlled by this opinion, but were to regard it as a statement of the law merely, and to find the facts for themselves.

In Error to the Circuit Court of the United States for the District of Massachusetts.

This was an action by Joseph F. De Loriea and Griffin Place, as executors of James W. McDonald, against Reuben Arey and George H. Maddock, partners doing business under the name of Arey, Maddock & Locke, for damages for the infringement of letters patent No. 210,797, issued December 10, 1878, to said McDonald, for a machine for unhairing and scouring hides and skins. One of the defenses was want of novelty in the patent, and a number of patents were introduced to show the prior state of the art. The charge objected to was given upon this point. The jury brought in a verdict for plaintiffs, and defendants bring error. Reversed.

Ralph W. Foster, (Joshua H. Millett, on the brief,) for plaintiffs in error.

James Milton Hall, for defendants in error.

Before COLT and PUTNAM, Circuit Judges, and NELSON, District Judge.

NELSON, District Judge. At the trial in the court below the presiding judge read to the jury, as a part of his charge, an extract from the opinion of Judge Colt in McDonald v. Whitney, 24 Fed. Rep. 600. To this the defendants excepted. We are of opinion that this action of the court below was erroneous, and that the exception was well taken. The case of McDonald v. Whitney was a

suit in equity in the circuit court for this district, between different parties, brought for an alleged infringement of the McDonald patent. In the extract read to the jury Judge Colt gave his views upon the questions of law and fact involved in the case before him, and found expressly, as a matter of fact, that the gist of the McDonald invention, as described in claims 1 and 2, was the separation and adjustment of the rolls held together by spring pressure by means of a treadle and levers. The first and second claims were for combinations of feed rolls, supporting roll, and other mechanism, and the mechanical effect of these combinations, as well as the relations of the various elements to each other, and whether there was a substantial identity between them and the prior patents introduced in evidence, or with the machine used by the defendants, involved questions of fact to be considered and passed upon by the jury. Upon these issues the finding of another tribunal in a case between other parties was not competent evidence, and should not have been called to the attention of the jury. The presiding judge was careful to state that the jury were not to be controlled in their judgment by the opinion of Judge Colt, but were to consider his language as a statement of law only, and were to find the facts for themselves; but, in spite of these cautionary words, we think the jury were more than likely to give to the views of Judge Colt upon the issues before them a decisive effect in making up their verdict.

Other exceptions were taken by the defendants to the rulings of the court below, but as they do not present questions of importance, and may not arise on the second trial, we have not thought it necessary to consider them.

Judgment reversed, and case remanded to the circuit court, with directions to set aside the verdict and to order a new trial.